# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CHRISTOPHER LUKSA,**

    **Plaintiff,**

v.                                   **CASE NO.: 1:21-cv-24089-DLG**

**TELOS CORPORATION,**

    **Defendant.**

_____/

## CORRECTED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Christopher Luksa, by and through undersigned counsel, files this Corrected Complaint against Defendant, Telos Corporation, and in support of his claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq., and the Florida Private Whistleblower's Act ("FPWA"), Section 448.102 Fla. Stat.

2. This Court has jurisdiction under 28 U.S.C. § 1331. This Court has pendant jurisdiction over Plaintiff's state law claims.

3. Venue is proper in this district, because all of the events giving rise to these claims occurred in this Miami-Dade County.

### PARTIES

4. Plaintiff is a resident of Snohomish County, Washington.

5. Defendant operates a cyber security with headquarters in Virginia but is registered to do business in the State of Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA.

10. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FPWA, Section 448.101(2), Fla. Stat.

11. At all times material hereto, Defendant was an "employer" within the meaning of the FPWA, Section 448.101(3), Fla. Stat.

## FACTS

12. Plaintiff began working for Defendant as an Analyst in October, 2019, and he worked in this capacity until July 2020.

13. As part of Plaintiff's duties, he is assigned to a customer of Defendant's to perform work.

14. Defendant has multiple customers and is able to assign its analysts to projects and move them when needed.

15. At all times relevant, Plaintiff performed the job for which he was hired in a satisfactory manner.

16. In fact only a week prior to his termination, Defendant put Plaintiff in charge of training a new analyst.

17. Defendant had, in fact, assigned Plaintiff to his last position in early 2020 replacing the previous female analyst purportedly for a lack of performance.

18. Since early 2020 when Defendant assigned Plaintiff to that position, there was no negative performance review or other coaching or counseling for Plaintiff's performance.

19. In fact, in all of Plaintiff's employment history with Defendant, Plaintiff did not receive any negative performance reviews.

20. During Plaintiff's employment with Defendant, Plaintiff's wife suffered from a physical or mental condition that substantially limited her ability to perform one or more major life activities. Plaintiff's wife had a record of such condition, and/or was regarded by Defendant as having a condition that substantially limited her ability to perform one or more major life activities.

21. In or about June 2020, Defendant required Plaintiff to return to the office once per week for meetings after working remotely due to the Coronavirus global pandemic.

22. On or about June 24, 2020, Plaintiff attended such a meeting in the workplace and discussed his wife's disability with his manager Eric Nester.

23. A week after discussing his wife's disability, Eric Nester terminated Plaintiff.

24. At all times material hereto, Defendant was an "employer" within the meaning of The Occupational Health and Safety Act (the "OSH Act").

25. At all times material hereto, Plaintiff was an "employee" within the meaning of the OSH Act.

26. As an employer, Defendant had a legal obligation to meet the requirements of the OSH Act.

27. Defendant failed to follow the safety measures in the face of a global pandemic by failing to adhere to social distancing guidelines and cleaning the worksite properly.

28. During the course of his employment with Defendant, Plaintiff raised his concerns about the safety of himself and other employees to report the violations.

29. Rather than addressing Plaintiff's allegations safety violations, Defendant terminated Plaintiff on or about July 1, 2020.

## COUNT I – ADA VIOLATION
## (ASSOCIATIONAL DISABILITY DISCRIMINATION)

30. Plaintiff realleges and readopts the allegations of paragraphs 1-9 and 12-23 of this Complaint, as though fully set forth herein

31. Plaintiff's wife is a member of a protected class under the ADA.

32. Plaintiff was subjected to disparate treatment by Defendant on the basis of his wife's disability, and/or perceived disability.

33. Specifically, Defendant terminated Plaintiff on the basis of his relationship with his wife, an individual with a disability.

34. Defendant's actions were willful and done with malice.

35. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE,** Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter an injunction restraining continued violation of the ADA;

d) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

e) Any other compensatory damages, including emotional distress, allowable at law;

  f) Punitive damages;

  g) Prejudgment interest on all monetary recovery obtained;

  h) All costs and attorney's fees incurred in prosecuting these claims; and

  i) For such further relief as this Court deems just and equitable

## COUNT II – RETALIATION UNDER THE FPWA

36. Plaintiff realleges and readopts the allegations of paragraphs 1-8, 10-19, and 24-29 of this Complaint, as though fully set forth herein.

37. Plaintiff opposed and refused to participate in Defendant's violation of the OSH Act, thereby engaging in protected activity under the FPWA.

38. Plaintiff opposed and refused to participate in Defendant's violation of Governor DeSantis' Executive Orders.

39. Defendant retaliated against Plaintiff for engaging in protected activity under the FPWA by terminating Plaintiff's employment.

40. Plaintiff was injured by Defendant's violations of the FPWA, for which he is entitled to legal and injunctive relief.

  ***WHEREFORE***, Plaintiff demands:

   a) A jury trial on all issues so triable;

   b) That process issue and that this Court take jurisdiction over the case;

   c) Judgment against Defendant in the amount of Plaintiff's lost wages, benefits, and other remuneration;

   d) Any other compensatory damages allowable at law;

   e) All costs, attorney's fees, and reasonable expenses incurred in prosecuting these claims, in accordance with Fla. Stat. §448.104; and

   f) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 30th day of November, 2021.

        Respectfully submitted,

        */s/ Brandon J. Hill*
        **BRANDON J. HILL**
        Florida Bar Number: 0037061
        Direct Dial: 813-337-7992
        **AMANDA E. HEYSTEK**
        Florida Bar Number: 0285020
        Direct Dial: 813-379-2560
        **WENZEL FENTON CABASSA, P.A.**
        1110 N. Florida Avenue, Suite 300
        Tampa, Florida 33602
        Main Number: 813-224-0431
        Facsimile: 813-229-8712
        Email: bhill@wfclaw.com
        Email: aheystek@wfclaw.com
        Email: aketelsen@wfclaw.com
        **Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished this 30th day of November, 2021, to the clerk of Court via CM/ECF system. I further certify that a true and correct copy of the foregoing document and the notice of electronic filing has been furnished via U.S. mail to the following:

Telos Corporation
c/o INCORP Services, Inc.
17888 67th Court North
Loxahatchee, FL 33470

        */s/ Brandon J. Hill*
        **BRANDON J. HILL**