**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

CHRISTOPHER LUKSA,

      Plaintiff,

                            CASE NO.: 1:21-cv-24089-DLG

v.

TELOS CORPORATION,

      Defendant.

_____/

**DEFENDANT'S ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S CORRECTED COMPLAINT**

      Defendant, Telos Corporation ("Defendant" or "Telos") by and through its undersigned counsel, hereby files its Answer, Defenses and Affirmative Defenses to Plaintiff's Corrected Complaint and states as follows:

**JURISDICTION AND VENUE**

      1.      Defendant admits that Plaintiff purports to bring this action under the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq., and the Florida Private Whistleblower's Act ("FPWA"), Section 448.102 Fla. Stat. Defendant denies that Plaintiff is entitled to any remedy or relief.

      2.      Defendant admits Paragraph 2 of the Complaint for jurisdictional purposes only. Defendant denies that Plaintiff is entitled to any remedy or relief.

      3.      Defendant admits that venue is proper. Defendant denies the rest of the allegations contained in Paragraph 3 of the Complaint.

## PARTIES

4.      Defendant is without knowledge as to the allegations set forth in Paragraph 4 of the Complaint, therefore it denies said allegations.

5.      Defendant admits the allegations in Paragraph 5 of the Complaint.

## GENERAL ALLEGATIONS

6.      Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7.      Defendant is without knowledge as to the allegations set forth in Paragraph 7 of the Complaint, therefore it denies said allegations.

8.      Defendant admits that Plaintiff requests a jury trial. Defendant denies the rest of the allegations in Paragraph 8 of the Complaint.

9.      Defendant admits that it employed fifteen (15) or more employees during the relevant period. The rest of the allegations contained in Paragraph 9 of the Complaint call for a legal conclusion; therefore, no response to those allegations is required. To the extent a response to the rest of the allegations in Paragraph 9 of the Complaint is deemed required, Defendant denies said allegations.

10.     The allegations contained in Paragraph 10 of the Complaint call for a legal conclusion; therefore, no response to those allegations is required. To the extent a response to the allegations in Paragraph 10 of the Complaint is deemed required, Defendant denies said allegations.

11.     The allegations contained in Paragraph 11 of the Complaint call for a legal conclusion; therefore, no response to those allegations is required. To the extent a response to the allegations in Paragraph 11 of the Complaint is deemed required, Defendant denies said allegations.

## FACTS

12.     Defendant admits the allegations in Paragraph 12 of the Complaint.

13.     Defendant admits the allegation in Paragraph 13 of the Complaint.

14.     Defendant denies the allegation in Paragraph 14 of the Complaint.

15.     Defendant denies the allegation in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations in Paragraph 18 of the Complaint.

19.     Defendant denies the allegations in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.     The allegations contained in Paragraph 24 of the Complaint call for a legal conclusion; therefore, no response to those allegations is required.  To the extent a response to the allegations in Paragraph 24 of the Complaint is deemed required, Defendant denies said allegations.

25.     The allegations contained in Paragraph 25 of the Complaint call for a legal conclusion; therefore, no response to those allegations is required.  To the extent a response to the allegations in Paragraph 25 of the Complaint is deemed required, Defendant denies said allegations.

26.     Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations contained in Paragraph 29 of the Complaint.

### COUNT I – ALLEGED ADA VIOLATION
### (ASSOCIATIONAL DISABILITY DISCRIMINATION)

30.     Defendant reincorporates and readopts its responses to all allegations contained Paragraphs 1-9 and 12-23 above.

31.     Defendant is without knowledge as to the allegations set forth in Paragraph 31 of the Complaint, therefore it denies said allegations.

32.     Defendant denies the allegations contained in Paragraph 32 of the Complaint

33.     Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.     Defendant denies the allegations contained in Paragraph 35 of the Complaint.

With regards to the WHEREFORE Paragraph of Count I of the Complaint, Defendant denies the same and all of its sub-paragraphs (a)-(j) and denies that the Plaintiff is entitled any of the relief sought in said Paragraph.

### COUNT II – ALLEGED RETALIATION VIOLATION UNDER THE FPWA

36.     Defendant reincorporates and readopts its responses to all allegations contained Paragraphs 1-8, 10-19, and 24-29.

37.     Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.     Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.     Defendant denies the allegations contained in Paragraph 40 of the Complaint.

With regards to the WHEREFORE Paragraph of Count II of the Complaint, Defendant denies the same and all of its sub-paragraphs (a)-(f) and denies that the Plaintiff is entitled any of the relief sought in said Paragraph.

## DEMAND FOR JURY DEMAND

Defendant admits that Plaintiff is seeking a trial by jury.

## GENERAL DENIAL

Defendant denies each and every allegation not specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendant reserves the right to plead additional separate and affirmative defenses, which may be ascertained during the course of discovery in this action or otherwise. Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have:

1.      The Complaint fails to state a claim upon which relief can be granted as a matter of law against Defendant.

2.      Plaintiff's claims are barred, in whole or in part, because Defendant acted lawfully and in good faith at all times relevant hereto, and has not violated any statutory or legal right to Plaintiff.

3.      Defendant asserts that the claims of the Plaintiff are barred by the doctrines of unclean hands, unjust enrichment, estoppel and/or estoppel by silence.

4.      Defendant alleges that each purported cause of action contained in the Complaint, or some of the causes of action, are barred, or any recovery should be reduced, pursuant to the avoidable consequences doctrine because Defendant took reasonable steps to prevent and correct improper wage payments.

5.     Plaintiff's claims for compensation and punitive damages are limited by the damages cap imposed by the Civil Rights Act of 1991.

6.     Defendant asserts that Defendant is not liable to Plaintiff for liquidated, punitive, or exemplary damages for reasons, including, but not limited to Defendant's good faith efforts to comply with the law.

7.     Plaintiff does not qualify as a disabled individual or a handicapped person within the meaning of the ADA.

8.     Plaintiff's wife does not qualify as a disabled individual within the ADA.

9.     Plaintiff was not qualified to perform the essential functions of the job for which he was employed.

10.     Plaintiff's claims may be barred by his failure to comply with the procedural prerequisites to suit.

11.     Plaintiff's claims may be barred by the applicable statute(s) of limitations.

12.     Plaintiff has failed to mitigate his alleged damages, the entitlement to which is expressly denied.

13.     To the extent the Complaint seeks to recover for matters not alleged in Plaintiff's charge of discrimination, such claims are barred.

14.     Each and every action taken by Defendant with respect to Plaintiff while he was employed with Defendant was taken for lawful and for legitimate business reasons,

15.     The Complaint is barred because Plaintiff's employment was terminable at the will of either party for any reason or no reason.

16.     Defendant's conduct and treatment of Plaintiff was based on legitimate, non-retaliatory reasons unrelated to Plaintiffs alleged "whistle-blower complaint." Defendant's policies and standards of criteria were uniformly applied, job related and consistent with business necessity.

17.     Plaintiff was removed from his position at the request of Defendant's client because he failed to meet the requirements of the same as he was not performing at the level needed for the job.  Plaintiff continued to require extensive supervision and submit incomplete or inadequate work product.

18.     In addition, Plaintiff was unwilling to accept any constructive criticism about his work and refused to follow specific instructions.

19.     Plaintiff submitted incomplete reports to Defendant and then, when he was told that improvements were needed, complained about his tasks not being the best use of his time.  When Plaintiff was confronted about his attitude, Plaintiff' response was that he didn't work for the government and continued to make excuses.  His work did not improve while he was teleworking.

20.     Plaintiff never once complained about attending in-person meetings or about his working conditions in any manner until <u>after</u> his termination.

21.     Although Plaintiff is not entitled to any relief or damages whatsoever, any recovery by Plaintiff, if any, should be reduced in accordance with the amount of all benefits that Plaintiff has received from collateral sources as defined by Section 768.76, Florida Statutes.

22.     Plaintiff's pre-existing emotional, psychological, and physical condition prior to the purported acts of misconduct was such that Defendant's alleged action(s) or omission(s), if any, did not cause or contribute in any manner to Plaintiff's alleged injuries and/or damages and Defendant may not be held liable for any such alleged injuries or damages.

23.    Defendant is entitled to a setoff of all sums of money Plaintiff received by judgment, settlement, workers' compensation or otherwise from any party or non-party to this action for the purported damages and injuries to Plaintiff stemming from the alleged incidents described in Plaintiff's Complaint.

24.    Any adverse action that Plaintiff was subject to – which Defendant denies the existence of same – was predicated upon grounds other than, and would have been taken absent, Plaintiff's alleged exercise of rights protected by the Florida Whistler-Blower Act.

25.    Any back pay awarded to Plaintiff should be reduced by all wages and earnings that were received or could have earned by Plaintiff with reasonable diligence. To the extent that Plaintiff fails to mitigate his damages, Defendant asserts failure to mitigate as an affirmative defense.

26.    Defendant is entitled to recover its costs of court and attorney's fees for the defense of Plaintiff's action because this action is frivolous and without foundation in law or in fact.

27.    To the extent it is discovered that Plaintiff engaged in misconduct, a violation of Defendant's policies, or other conduct that would have resulted in his termination, or would have precluded him from obtaining employment, Plaintiff's claims are barred, in whole or in part, based on the after-acquired evidence doctrine.

28.    Any mental anguish or emotional pain and suffering claimed by Plaintiff was a pre-existing condition, was caused by events unrelated to Defendant's conduct or alleged conduct, or was beyond Defendant's control.

As to all Defenses and Affirmative Defenses listed above, discovery is ongoing and thus, Defendant hereby reserve its right to later seek leave to amend these Defenses and Affirmative Defenses for the purposes of adding additional defenses or modifying the defenses presently

asserted, based upon information discovered during the course of discovery in this matter. Defendant in no way intend to waive its ability to amend its Defenses and Affirmative Defenses throughout the course of discovery.

WHEREFORE, Defendant requests judgment in its favor dismissing Plaintiff's Complaint in its entirety, with prejudice, together with its attorneys' fees and costs of suit, and such other relief as the Court deems just and proper.

Dated:   February 1, 2022.

Respectfully submitted,

*/s/ Estefania Negrette*
Estefania Negrette, Esq.
Florida Bar No. 1007696
enegrette@kdvlaw.com
Maritza Gomez, Esq.
Florida Bar No. 21663
mgomez@kdvlaw.com
KAUFMAN DOLOWICH & VOLUCK, LLP
One Financial Plaza
100 S.E. 3rd Avenue, Suite 1500
Fort Lauderdale, FL 33394
Telephone: (954) 302-2360
Fax: (888) 464-7982
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this February 1, 2022, I electronically filed the foregoing via the e-file portal which will send an electronic filing of all Counsel of Record.

*/s/ Estefania Negrette*
Estefania Negrette, Esq.